# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

MAURICE REDD,

      Plaintiff,

v.

ARMANDO F. ABLA-REYES,
in his individual and official
capacity, and THE CITY OF ST.
PAUL,

      Defendants.

**ORDER**
Civil File No. 12-465 (MJD/JSM)

Daniel J. Cragg and Jared Reams, Eckland & Blando, LLP, Counsel for Plaintiff.

Cheri M. Sisk, City of St. Paul Attorney's Office, Counsel for Defendants.

## I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion in Limine to Exclude Testimony of Sgt. Mark Maloney. [Docket No. 47] The case is set for a jury trial starting Monday, November 18, 2013.

## II. DISCUSSION

Plaintiff Maurice Redd moves to exclude the expert testimony of defense expert Sargent Mark Maloney as inadmissible under Federal Rule of Evidence

1

702. Defendants' witness list states that Maloney "[w]ill testify as to police practices and reasonableness of officer's actions."

### 1. Contents of Maloney's Report

In Maloney's Expert Report, he opines regarding 1) the sources and standards for justifiable use of force under Minnesota and federal law (Report at 8-9); 2) when use of force is authorized under Minnesota law (id. at 9-10); 3) whether the St. Paul Police Department's Use of Force Policy is consistent with Minnesota and federal law (id. at 10-11); 4) whether Defendant St. Paul Police Officer Armando Abla-Reyes followed the law and acted "in good faith" during his interaction with Redd (id. at 11-15); 5) whether Abla-Reyes had probable cause to arrest Redd (id. at 15-16); 6) whether Abla-Reyes acted "appropriately" when he "dealt with" Redd (id. at 17); 7) whether Abla-Reyes used excessive force on Redd (id. at 17-18); 8) whether a reasonable officer in the same situation would have reasonably determined that the amount of force used by Abla-Reyes was appropriate (id. at 18, 21); 9) other reasonable force options available to Abla-Reyes during his encounter with Redd (id. at 18-19); 10) whether a reasonable officer would have expected Redd to sustain Redd's alleged injuries

(id. at 20); and 11) whether Defendant City of St. Paul was negligent in retaining Abla-Reyes (id. at 19-22).

Defendants argue that Maloney will testify to the reasonableness of Officer Armando Abla-Reyes' actions through the lens of a uniformed officer in a public space and will assist the jury in understanding what they see on the surveillance video.

### 2. Standard for Expert Testimony

The admissibility of expert testimony is governed by Federal Rule of Evidence 702. The proponent of the testimony has the burden to show by a preponderance of the evidence that the testimony is admissible under Rule 702. Lauzon v. Senco Prods., Inc., 270 F.3d 681, 686 (8th Cir. 2001). Under the Rule:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and

3

> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

"Under the framework developed in Daubert, trial courts must serve as gatekeepers to insure that proffered expert testimony is both relevant and reliable. Trial courts are given broad discretion in fulfilling this gatekeeping role . . . ." Wagner v. Hesston Corp., 450 F.3d 756, 758 (8th Cir. 2006) (citations omitted). The proposed testimony must be useful to the factfinder; the expert witness must be qualified; and the proposed evidence must be reliable. Lauzon, 270 F.3d at 686. "[D]oubts regarding whether an expert's testimony will be useful should generally be resolved in favor of admissibility." Miles v. Gen. Motors Corp., 262 F.3d 720, 724 (8th Cir. 2001) (citation omitted).

### 3. Analysis

An expert's opinion regarding whether a police officer's behavior conforms to constitutional standards is inadmissible. See, e.g., Schmidt v. City of Bella Villa, 557 F.3d 564, 570 (8th Cir. 2009); Peterson v. City of Plymouth, 60 F.3d 469, 475 (8th Cir. 1995). The Court holds that Maloney may not testify that Defendants' actions did or did not violate a constitutional norm. Thus, he may not testify whether Abla-Reyes' force was excessive or reasonable under the

4

Fourth Amendment, whether he violated any law, or whether Abla-Reyes had probable cause to arrest Redd.  See, e.g., Estes v. Moore, 993 F.2d 161, 163 (8th Cir. 1993) (holding trial court properly excluded expert opinion testimony "as to whether probable cause for the arrest existed"); Shannon v. Koehler, No. C 08–4059–MWB, 2011 WL 10483363, at *30 (N.D. Iowa Sept. 16, 2011) ("[A]n expert's opinion in an excessive force case concerning the 'reasonableness' or excessiveness' of an officer's conduct under the Fourth Amendment would be an impermissible legal conclusion, not a fact-based opinion.").

The Court further holds that Maloney may not testify regarding his opinion of what happened in the surveillance video, because he has no special expertise in interpreting video images and the ability to discern the images in the video is within the jury's knowledge or experience.  See, e.g., Lee v. Andersen, 616 F.3d 803, 809 (8th Cir. 2010); Shannon, 2011 WL 10483363, at *31.  Similarly, Maloney uses no special expertise in forming his opinion that a reasonable officer would not have expected Redd to receive the injuries that he allegedly received.

The Court acknowledges that there may be excessive force cases in which a police procedure expert's testimony may be admissible and helpful to the jury.  This case is not one of them.  The Court has carefully reviewed Maloney's

Report.  The majority of his Report consists of improper legal conclusions regarding whether or not Defendants' conduct violated the Constitution or the law.  Maloney also gives cursory opinions that Abla-Reyes acted as a reasonable officer.  However, these opinions are vague and unhelpful to the jury.  His opinions regarding the overall reasonableness of Defendants' actions and procedures are not fact-based opinions that assist a jury.  See Schmidt, 557 F.3d at 570.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

> Plaintiff's Motion in Limine to Exclude Testimony of Sgt. Mark Maloney [Docket No. 47] is **GRANTED**.

Dated:   November 14, 2013         s/ Michael J. Davis
                                   Michael J. Davis
                                   Chief Judge
                                   United States District Court