UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MAURICE REDD,

       Plaintiff,

v.

ARMANDO F. ABLA-REYES,
in his individual and official
capacity, and THE CITY OF ST.
PAUL,

       Defendants.

**MEMORANDUM OF LAW & ORDER**
Civil File No. 12-465 (MJD/JSM)

Daniel J. Cragg and Jared Reams, Eckland & Blando, LLP, Counsel for Plaintiff.

Cheri M. Sisk, City of St. Paul Attorney's Office, Counsel for Defendants.

This matter is before the Court on an issue raised in Defendants' Statement of the Case [Docket No. 45] and Plaintiff's Statement of the Case [Docket No. 51].

Count 2 of the First Amended Complaint asserts unlawful seizure in violation of Article I, Section 10 of the Minnesota Constitution. Plaintiff Maurice Redd seeks damages under Count 2. (See Am. Compl. ¶¶ 37-40, 71-75.) Because

1

no direct cause of action for damages exists under Article I, Section 10, the Court dismisses Count 2 and will not submit Count 2 to the jury.

Minnesota does not have a statutory equivalent to 42 U.S.C. § 1983 allowing a direct cause of action for damages for violations of the Minnesota Constitution. (Plaintiff does assert a viable, coextensive claim for violation of the Fourth Amendment to the U.S. Constitution in Count 1.) The Minnesota Supreme Court has not addressed whether a direct cause of action for damages exists under Article I, Section 10. "If the Minnesota Supreme Court has not spoken on a particular issue, we must attempt to predict how the Minnesota Supreme Court would decide an issue and may consider relevant state precedent, analogous decisions, considered dicta . . . and any other reliable data." Integrity Floorcovering, Inc. v. Broan-Nutone, LLC, 521 F.3d 914, 917 (8th Cir. 2008) (citation omitted).

No Minnesota court has found a direct cause of action for damages under Article I, Section 10. The Minnesota Court of Appeals has explicitly held that there is no private cause of action for damages under Article I, Section 10 of the Minnesota Constitution. See Mlnarik v. City of Minnetrista, No. A09–910, 2010 WL 346402, at *1 (Minn. Ct. App. Feb.2, 2010) (unpublished). See also Davis v.

Hennepin County, No. A11–1083, 2012 WL 896409, at *2 (Minn. Ct. App. Mar. 19, 2012) (unpublished) ("Minnesota does not allow private actions based on alleged violations of the Minnesota Constitution.") (citation omitted); Danforth v. Star Tribune Holdings Corp., No. A10-128, 2010 WL 4286242, at *5 (Minn. Ct. App. Nov. 2, 2010) (unpublished) ("[T]here is no private cause of action for violations of the Minnesota Constitution.") (citation omitted).

As the Eighth Circuit has explained:

Minnesota courts explicitly refuse to find causes of action for damages under the Minnesota Constitution on their own unless the Minnesota Supreme Court has recognized the cause of action. We agree with the district court that because the Minnesota Supreme Court has not established an action for damages for these constitutional violations [including Article I, Section 10], the [plaintiffs'] claims fail.

Riehm v. Engelking, 538 F.3d 952, 969 (8th Cir. 2008) (citations omitted).

The Court rejects Plaintiff's argument that the Remedies Clause of the Minnesota Constitution provides a basis for a direct damages claim under Article I, Section 10. The Remedies Clause does not provide that a direct claim for damages must exist for each section of the Minnesota Constitution. "[T]he Remedies Clause does not guarantee redress for every wrong, but instead enjoins the legislature from eliminating those remedies that have vested at common law

3

without a legitimate legislative purpose." Olson v. Ford Motor Co., 558 N.W.2d 491, 497 (Minn. 1997) (emphasis in original).

Finally, Redd notes that some other states have adopted a Bivens–type claim to create state causes of action for violations of state constitutions. However, at this time, the Minnesota Supreme Court has not created such an action in Minnesota for violations of Article I, Section 10 of the Minnesota Constitution.

The Court has carefully considered the parties' Statements of the Case, the relevant state and federal case law, and the absence of Minnesota statutory authority, and concludes that no direct cause of action for damages exists for violations of Article I, Section 10 of the Minnesota Constitution.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

> Count 2 of the Amended Complaint, Minnesota's Article I § 10 Unlawful Seizure, is **DISMISSED**.

Dated:  November 15, 2013          s/ Michael J. Davis
                                   Michael J. Davis
                                   Chief Judge
                                   United States District Court