# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

MAURICE REDD,

       Plaintiff,

v.

**ORDER**
Civil File No. 12-465 (MJD/JSM)

ARMANDO F. ABLA-REYES,
in his individual and official
capacity, and THE CITY OF ST.
PAUL,

       Defendants.

Maurice Redd, pro se.

Cheri M. Sisk, City of St. Paul Attorney's Office, Counsel for Defendants.

## I.    INTRODUCTION

This matter is before the Court on Plaintiff's Motion for a New Trial. [Docket No. 64]

This matter was tried before a jury and, on November 19, 2013, the jury returned its verdict. [Docket No. 61] The jury found in favor of Defendants on all claims. Plaintiff Maurice Redd has now filed a timely request for a new trial. Fed. R. Civ. P. 59.

## II.     DISCUSSION

Redd asserts seven grounds for a new trial.  "A new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice."  Gray v. Bicknell, 86 F.3d 1472, 1480 (8th Cir. 1996).

### A.     Grounds for Recusal

First, Redd asserts that the undersigned Judge should have recused from this case because Redd's first attorney, A.L. Brown, worked for the undersigned Judge as a law clerk from 2003 to 2004.  In September 2012, Brown filed a motion to withdraw as counsel for Redd, on the grounds that there had been a significant and irreparable breakdown in the attorney-client relationship.  [Docket No. 18]  On October 10, 2012, a hearing was conducted on the record in open court on this motion before the Honorable Janie S. Mayeron, United States Magistrate Judge.  [Docket No. 22]  Magistrate Judge Mayeron granted Brown's motion to withdraw as Redd's attorney on October 10, 2012.  [Docket No. 24]

Redd further asserts that his second attorney, Daniel Cragg, informed Redd that the undersigned Judge asked Cragg to take this case pro bono.  On October 10, 2012, Magistrate Judge Mayeron referred Redd's case to the FBA Pro Se Project.  [Docket No. 23]  The FBA Pro Se Project offers assistance to pro se

litigants, such as Redd, but pro se litigants are not obligated to accept representation. Redd did agree to representation by Cragg, and Cragg proceeded to represent Redd pro bono through the FBA Pro Se Project, starting on November 29, 2012. [Docket No. 26] Redd argues that, based on the Court's alleged involvement with his first and second lawyers, recusal was warranted. Redd did not raise the issue of recusal at any time before he filed the current motion.

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably questioned." 28 U.S.C. § 455(a). Furthermore, a judge shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Thus, recusal should be granted if it is shown that the court has a "personal bias or a prejudice arising from an extrajudicial source." Rossbach v. United States, 878 F.2d 1088, 1089 (8th Cir. 1989) (citation omitted). "Decisions on recusal or disqualification motions are committed to the district court's sound discretion." Larson v. United States, 835 F.2d 169, 172 (8th Cir. 1987) (citation omitted).

The Court finds no merit in Plaintiff's arguments and concludes that Plaintiff has not shown that this Court has a personal bias or prejudice arising from an extrajudicial source.

### B.     Statements Made Before the Magistrate Judge

Redd asserts that St. Paul City Attorney Cheri Sisk and Brown both lied to Magistrate Judge Mayeron during an October 10, 2012 hearing regarding Brown's motion to withdraw as Redd's attorney, and that these lies were for the benefit of Defendants. Redd does not indicate the contents of the alleged lies. Nor does he explain how the statements made before the Magistrate Judge, and not before this Judge or the jury, affected his jury trial. Redd provides no basis upon which the Court would grant a new trial.

### C.     Potential Witnesses

Redd asserts that he advised Brown and Cragg that he intended to have Cory Sherman of the Public Defenders office and Tamara Larsen, a prosecutor, called as witnesses at the trial. Neither witness was, in fact, called at trial.

The Court did not exclude Sherman or Larsen as witnesses at trial. No party sought to call Sherman or Larsen. The Court was never called on to make a decision about the admissibility of their testimony. Redd does not indicate the

4

relevance of either potential witnesses. There is no basis for a new trial based on this argument.

### D. Propriety of a Jury Trial

Redd asserts that the trial should have been conducted as a bench trial, not a jury trial.

Plaintiff requested a jury trial from the commencement of this case. [Docket Nos. 1-1, 6] Defendants also repeatedly demanded a jury trial. [Docket Nos. 4, 34] "[B]ecause the right to a jury trial is fundamental, courts must indulge every reasonable presumption against waiver." Ind. Lumbermens Mut. Ins. Co. v. Timberland Pallet & Lumber Co., 195 F.3d 368, 374 (8th Cir. 1999) (citation omitted). In this case, Plaintiff never waived his right to a jury trial. The Court will not grant a new trial on the grounds that the case was tried to a jury.

### E. Video from the Squad Car

Redd asserts that he should have been permitted to show the video from the squad car, taken after the physical altercation had ended, because it would have demonstrated that Defendant Armando Abla-Reyes took Redd to jail to teach Redd some respect and would have shown Abla-Reyes stating that a cook from the Rice Street Market was begging Abla-Reyes not to take Redd to jail.

5

The Court did not exclude the squad car video from trial.  Neither party sought to admit it during trial; thus, the Court was never called on to make a decision about the admissibility of the exhibit.  There is no basis for a new trial based on this argument.

### F.     Evidence of Medical Expenses

Redd argues that the Court should have permitted him to submit evidence of his medical bills, totaling approximately $10,000.

The Court did not exclude evidence of Redd's medical bills from trial.  Neither party sought to admit any such evidence during trial; thus, the Court was never called on to make a decision about the admissibility of that evidence.  There is no basis for a new trial based on this argument.

### G.     Dismissal of the Disorderly Conduct Charge

Redd also argues that the fact that the City of St. Paul dismissed the disorderly conduct charge against him in the interest of justice demonstrates that Redd did not push or touch Abla Reyes.

"A new trial is appropriate when the outcome is against the great weight of the evidence so as to constitute a miscarriage of justice."  Boesing v. Spiess, 540 F.3d 886, 890 (8th Cir. 2008) (citation omitted).  In determining whether a new trial is warranted, the Court may "weigh the evidence, disbelieve witnesses, and

6

grant a new trial even where there is substantial evidence to sustain the verdict." White v. Pence, 961 F.2d 776, 780 (8th Cir. 1992). However, the "trial judge may not usurp the functions of a jury." Id. at 781. "[T]he true standard for granting a new trial on the basis of the weight of the evidence is simply one which measures the result in terms of whether a miscarriage of justice has occurred. When through judicial balancing the trial court determines that the first trial has resulted in a miscarriage of justice, the court may order a new trial, otherwise not." Id. (citation omitted).

In this case, the jury was informed that the City of St. Paul had dismissed the disorderly conduct charge against Redd. In Jury Instruction No. 11, the jury was instructed:

> In this case the state prosecutor decided not to prosecute the criminal charge against the plaintiff. The decision whether to prosecute is within the prosecutor's discretion, and he or she may choose not to prosecute a charge for any reason. Thus, the decision not to prosecute the plaintiff does not establish that the officer defendant lacked probable cause to arrest the plaintiff. You must determine whether the officer defendant had probable cause based upon the facts and circumstances known to the officer defendant at the time of the arrest, not what happened afterwards.

Jury Instruction No. 11 was a correct statement of the law, and was an instruction requested by all parties. The jury verdict was not against the great

7

weight of the evidence based on the fact that the charge against Redd was dismissed.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Plaintiff's Motion for a New Trial [Docket No. 64] is **DENIED**.


Dated: January 28, 2014         s/ Michael J. Davis
                                Michael J. Davis
                                Chief Judge
                                United States District Court